# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

KEY EQUIPMENT FINANCE INC., §
§
    Plaintiff, §
§
v. §    Case No. 4:10-CV-100
§
M. HANNA CONSTRUCTION CO, INC. §
and MATTHEW HANNA, Individually, §
§
    Defendants. §

## ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

The following are pending before the court:

1. Plaintiff's request for entry of default by clerk pursuant to FED. R. CIV. P. 55 (docket entry #14); and

2. Defendants' response to Plaintiff's request for clerk's entry of default (docket entry #16).

Having considered the Plaintiff's request and the Defendants' responsive briefing thereto, the court finds that the Plaintiff's request for entry of default should be denied.

On March 9, 2010, the Plaintiff filed its original complaint. In its complaint, the Plaintiff alleged that it leased to the Defendants certain equipment. The Plaintiff further alleged that the Defendants breached the lease agreements. The Defendants were properly served with the complaint on March 24, 2010. The Defendants were directed to file their respective answers 21 days after service. Since the Defendants did not so answer, the Plaintiff filed its request for entry of default by the clerk pursuant to FED. R. CIV. P. 55 on June 4, 2010.[1] Prior to the clerk entering default,

---

[1] The Plaintiff originally filed a motion for default judgment on May 25, 2010. The clerk of the court terminated the filing, noting that the Plaintiff was required to file a request for entry of default by

however, the Defendants filed their answer to the Plaintiff's complaint as well as their response to the Plaintiff's request for clerk's entry of default on June 9, 2010.

"A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (internal footnote omitted).

Pursuant to Rule 55(c), the court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). "Defaults are not favored and their strict enforcement 'has no place in the Federal Rules'." *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citation omitted). "'[W]here there are no intervening equities[,] any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citation omitted).

To determine whether good cause exists to set aside a default, the court considers the following three factors: (1) whether the default was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense was presented. *Id*. (citations omitted). "Other factors may also be considered, including whether 'the defendant acted expeditiously to correct the default.'" *Id*. (citation omitted). "A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Id*. (citations omitted).

Although the clerk has not yet entered default, the court will consider the matter before it as

---

the clerk prior to moving for a default judgment.

a motion to set aside clerk's entry of default. It is clear that the Defendants failed to timely file an answer. However, it appears from the Defendants' answer and response to the Plaintiff's request for clerk's entry of default that the Defendants were cooperating with the Plaintiff to resolve their disputes. According to the Defendants' response, the Defendants, at their own expense, made arrangements to return all of the Plaintiff's collateral to authorized dealers of CAT machinery, including all of the equipment leased to Defendant M. Hanna Construction Co., Inc. The Defendants acknowledge that monies are owed to the Plaintiff but the amount owed is in dispute. The Defendants contend that they are entitled to certain offsets.

The Plaintiff has not alleged that the Defendants' default was willful. Based on the uncontested fact that the Defendants were cooperating with the Plaintiff, the court finds that the Defendants' default was not willful.

Further, the Plaintiff did not contend that it would suffer prejudice if the clerk's entry of default was set aside. The court, therefore, finds that the Plaintiff would not be so prejudiced.

Finally, the Defendants have asserted the meritorious defense of offset. The Defendants will eventually be required to present evidence in support of its affirmative defense of offset. However, the Defendants have, at this time, presented an adequate defense.

Based on the foregoing, the court finds that the Defendants have established good cause to set aside the clerk's entry of default. Accordingly, the Plaintiff's request for entry of default by clerk pursuant to Fed. R. Civ. P. 55 (docket entry #14) is hereby **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 13th day of September, 2010.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE